IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MILL STREET CLINIC PHARMACY, INC., individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 07 C 50249 |
| Plaintiff, | ) | |
| v. | ) | Judge: Philip G. Reinhard |
| | ) | |
| CAREMARK RX, L.L.C., CAREMARK RX, INC., CAREMARK, INC., CAREMARK, L.L.C., and CVS CAREMARK CORPORATION, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES Plaintiff, MILL STREET CLINIC PHARMACY, INC. (hereinafter "Mill Street" or "Plaintiff"), individually and on behalf of a class of all persons or entities throughout the United States who are similarly situated, and files this Complaint against the Defendants, Caremark Rx, L.L.C., Caremark Rx, Inc., Caremark, Inc., Caremark, L.L.C., and CVS Caremark Corporation (hereinafter collectively referred to as "Caremark" or "Defendants"). In support thereof, the Plaintiff states the following:

## NATURE OF THE CASE

1.     Through a fraudulent, unlawful and unfair course of conduct, Defendants have, over the course of many years, knowingly, intentionally and willfully withheld reimbursement payments to Plaintiff and members of the putative class. Defendants leverage its large market share over Plaintiff and thousands of other independently owned pharmacies in an unlawful scheme designed to maximize its profits at the expense of small pharmacies.

1

2.      Plaintiff was an independently owned pharmacy.  Defendants are pharmacy benefit management companies.  Between 1984 and 2002, Plaintiff entered into contractual agreements with Defendants on a renewal basis pursuant to which Plaintiff agreed to dispense prescription medications to Defendants' insureds, members or clients.  The contracts between Plaintiff and Defendants contain provisions which require Defendants to reimburse Plaintiff for filling prescription medications at a rate which is determined by using the Average Wholesale Price ("AWP") of a medication.  For years, Defendants have failed to reimburse Plaintiff and members of the putative class pursuant to the agreed upon rate as alleged herein.  Defendants' scheme is two-fold.  First, Defendants systematically reimburse pharmacies at a lower rate than required under the contracts.  Second, Defendants systematically reimburse pharmacies at a later date than required under the contract, thereby maximizing its profits on the "float" of Plaintiff's money.  Defendants have employed this unlawful scheme for decades on a nationwide basis.

## JURISDICTION AND VENUE

3.      Jurisdiction over the causes of action in this class action Complaint is conferred by 28 U.S.C. § 1332(d)(a), as Plaintiff is a citizen of a different state than that of at least one Defendant and the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Northern District of Illinois Western Division, because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

5.      Mill Street was a corporation incorporated under the laws of the State of Illinois with its primary place of business in Naperville, Illinois.  Mill Street was an independent

2

pharmacy whose primary business was the dispensing and sale of prescription drugs. Robert H. Scurr was the president of Mill Street.

6.      Defendant Caremark Rx, L.L.C. is a Delaware limited liability corporation with its principal place of business located at 211 Commerce Street, Suite 800, Nashville, Tennessee.

7.      Defendant Caremark, L.L.C., is a California limited liability corporation with its principal place of business at 211 Commerce Street, Suite 800, Nashville, Tennessee.

8.      Defendant Caremark Rx, Inc. is a Delaware corporation with its headquarters located at 211 Commerce Street, Suite 800, Nashville, Tennessee.

9.      Defendant Caremark, Inc. is a California Corporation with its principal place of business at 211 Commerce Street, Nashville, Tennessee.

10.     Defendant CVS Caremark Corporation, is a Delaware Corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island.

11.     Defendants are responsible for the actions or inactions of each other as alleged herein as all Defendants are parent corporations and/or subsidiaries and/or predecessors and/or successors and/or alter egos and/or otherwise related entities and each Defendant is a responsible party under the doctrines of responde at superior, joint and several liability, agency and/or other doctrines.

12.     Defendants acted in concert by defrauding Plaintiff and breaching its contracts with Plaintiff and the putative class through a coordinated inter-corporate relationship. Each Defendant was and is an active participant in the misleading, unlawful, fraudulent, and unconscionable practices described herein.

13.     At all relevant times, each Defendant was an agent, representative and/or employer of each other Defendant and/or is the parent, subsidiary, predecessor, successor, alter

ego, or otherwise so related to each Defendant. In committing the acts alleged herein, the Defendants acted within the scope of their agency and/or employment and were acting with the consent, permission, authorization and knowledge of all other Defendants and perpetrated and/or conspired with and/or aided and abetted the unlawful and fraudulent acts described herein.

## CLASS ALLEGATIONS

14.    Plaintiff brings this action as a nationwide class action pursuant to Federal Rules of Civil Procedure Rule 23. The requirements of subparts 23(a) and (b)(l), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure are met. This class is more specifically defined as follows:

> All pharmacies and/or other similar entities who entered into a contract with Caremark or its predecessor(s) at any time within ten (10) years prior to the filing of this Complaint, which contract required Caremark to reimburse the pharmacy and/or other similar entity at a rate which is a function of the Average Wholesale Price ("AWP"); but excluding (1) pharmacies who are currently in bankruptcy; (2) pharmacies and/or other similar entities whose obligations to Caremark have been modified or discharged in bankruptcy and (3) any governmental agency or entity.

15.    Excluded from the Rule 23 Class are Defendants' subsidiaries, legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Rule 23 Class period has had, a controlling interest in Defendants; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit a timely and otherwise proper request for exclusion from the Rule 23 Class.

16.    **Numerosity:**    The persons in the Rule 23 Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants.

17.     **Commonality**:  There are numerous questions of law and fact common to the Rule 23 Class that predominate over any questions affecting only individual members.  The questions of law and fact common to this Rule 23 Class that predominate over any question solely affecting individual members of the Rule 23 Class, including but are not limited to:

(a)     whether Defendants had access to the current or correct Average Wholesale Price of prescription medications;

(b)     whether Defendants failed to make reimbursement payments using the true Average Wholesale Price of prescription medications;

(c)     whether Defendants knowingly, intentionally and/or willfully failed to make reimbursement payments using the true Average Wholesale Price of prescription medications;

(d)     whether Defendants failed to make timely reimbursement payments;

(e)     whether Defendants knowingly, intentionally and/or willfully failed to make timely reimbursement payments;

(f)     whether Defendants concealed, suppressed and/or omitted the fact that it did not intend to  make reimbursement payments properly and/or timely;

(g)     whether Defendants knowingly, intentionally and/or willfully concealed, suppressed and/or omitted the fact that it did not intend to make reimbursement payments properly and/or timely;

(h)     whether Plaintiff and class members are entitled to injunctive relief;

(i)     whether Plaintiff and class members are entitled to punitive damages;

(j)     whether Plaintiff and class members are entitled to treble damages;

(k)     Whether the conduct of Defendants, as alleged in this Complaint, caused damages to the Plaintiff and the other members of the Class; and

(l)     The appropriate measure of damages sustained by Plaintiff and other members of the Class.

18.     **Typicality**:  The claims of the named Plaintiff are typical of the claims of the defined class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of the same unlawful business practices of the Defendants.  The named Plaintiff states claims for which relief can be granted that are typical of the claims of absent class members.  If litigated individually, the claims of each class member would require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

19.     **Adequacy:**  The named Plaintiff is committed to pursuing this action and is prepared to serve the proposed class in a representative capacity with all of the obligations and duties material thereto.  The named Plaintiff will fairly and adequately represent the interests of the members of the class within the meaning of Fed. R. Civ. P. 23(a)(4), and have no interest adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

20.     The named Plaintiff has retained competent counsel experienced in class action litigation.  Said counsel will adequately prosecute this action, and will assert, protect and otherwise, will represent the named class representative and absent class members.

21.     **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of rate reimbursement litigation, where small pharmacies lack the financial resources to vigorously prosecute separate lawsuits in federal Court against large corporate Defendants like Caremark.

22.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23.    **Rule 23(b)(1)(A) and (B):**    The prosecution of separate actions by individual class members would create a risk of adjudication with respect to individual class members which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to this action, or could substantially impair or impede their ability to protect their interests.

24.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications with respect to individual members of the class which would establish incompatible rights within the plaintiff class.

25.    **Rule 23(b)(2):**    The Defendants' actions are generally applicable to the class as a whole, and Plaintiff seeks equitable remedies with respect to the class as a whole, within the meaning of Fed. R. Civ. P. 23(b)(2).

26.    **Rule 23(b)(3):**    The common questions of law and fact enumerated above predominate over individual questions, and a class action is a superior method for the fair and efficient adjudication of this controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). Common or general proof will be used by each class member to establish each element of their claims.  Additionally, proceeding as a class action is superior to other available methods of adjudication.  The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation since the cost of litigation may exceed what any one class member has at stake.

## FACTUAL ALLEGATIONS

27.     Plaintiff Mill Street Pharmacy was duly incorporated under the laws of the state of Illinois in 1984.  Plaintiff was dissolved on January 3, 2005.

28.     Between 1984 and 2002, Plaintiff entered into a series of contracts with Defendants whereby Plaintiff agreed to dispense prescription medications for Defendants' insureds, members or clients and Defendants agreed to reimburse Plaintiff at a rate which is a function of the Average Wholesale Price of the various prescription medications.  For example, one such contract states the reimbursement rate as:

> **"Reimbursement Rate:**
>
> **Brand AWP – 14% +$2.00**
>
> **Generic HCFA + $2.50 if no HCFA, AWP – 14% + $2.50"**

*A true and correct copy of one of the contracts between Plaintiff and Defendants is attached hereto as Exhibit A.*

29.     Each of the contracts required Defendants to reimburse Plaintiff within a set amount of time from the date on which Plaintiff dispensed the prescription medications to Defendants' clients and/or insureds.  For example, the attached form contract required "payment shall be made at least monthly by Caremark."  *See Exhibit A, ¶ 4.*

30.     Beginning at a date unknown, Defendants began engaging in the unfair, unlawful, fraudulent, wrongful and deceptive practice of failing to fully, timely and properly reimburse Plaintiff for filling prescriptions on behalf of its insureds, members or clients.  This fraudulent conduct includes Defendants' failure to properly reimburse Plaintiff the Average Wholesale Price ("AWP") of prescription medications pursuant to the terms of the parties' contracts.

8

31.     The contracts between Plaintiff and Defendants provide that Defendants will reimburse Plaintiff an amount which is arrived at by using the Average Wholesale Price for filling a prescription for medication.  Despite Defendants contracting with Plaintiff to reimburse Plaintiff at a rate which is a function of the AWP, Defendant failed to reimburse Plaintiff in this manner.

32.     AWP is the average of the prices charged by national drug wholesalers for a given prescription drug.  AWP is electronically updated by the manufacturer or distributor of the medication on a current or correct basis.  Accordingly, AWP is readily ascertainable and easily definable.  AWP is reported to pharmacies, insurance companies, pharmacy benefit managers and the public by third-party publications such as Red Book, Blue Book and Medispan. Typically, pharmacy benefit reimbursement contracts, like the ones between Plaintiff and Defendants, require pharmacy benefit managers to reimburse pharmacies based upon a percentage tied to AWP (i.e. AWP minus 14%) plus pay the pharmacy a dispensing fee (i.e. $2.00).

33.     Despite having access to current or correct AWP information, Defendants deliberately refused to fully reimburse Plaintiff at a rate which is a function of the true AWP. Defendants intentionally and routinely reimbursed Plaintiff and the putative class at a rate lower than a function of the true AWP.  Upon information and belief, Defendants engaged in this unlawful, fraudulent and deceptive business practice to maximize profits.

34.     Despite having a contractual obligation to reimburse Plaintiff and members of the putative class timely, as set forth in the contracts, Defendants intentionally and routinely failed to timely reimburse Plaintiff and members of the putative class according to the terms of their

contracts. Upon information and belief, Defendants engaged in this unlawful, fraudulent and deceptive business practice to maximize profits by making money off the "float."

35.    Accordingly, Defendants have retained monies that belong to Plaintiff. Upon information and belief, Defendants engaged in the unlawful, fraudulent and deceptive practices alleged herein in order to maximize its profits.

36.    Defendants have concealed, suppressed and/or omitted from Plaintiff the fact that Defendants do not have the intent to fully, properly or timely reimburse Plaintiff in accordance with the terms of the parties' contractual agreement.

37.    Defendants' policy and practice of failing to fully, properly and timely reimburse pharmacies has dramatically increased the profits of Defendants throughout the entire United States. Defendants have defrauded countless pharmacies based upon this practice and further has breached numerous contracts.

38.    Defendants carried out each of the unlawful, unfair and deceptive business practices alleged herein with knowledge, intent and/or willfulness.

39.    Plaintiff has been damaged in that Plaintiff has not been reimbursed pursuant to the terms of the contractual agreements with Defendants.

<u>**COUNT I**</u>

**BREACH OF CONTRACT**

40.    Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

41.    Between 1984 and 2002, numerous written contracts and/or renewal contracts were entered into between Plaintiff and Defendants.

42.    Plaintiff fully performed its obligations under the terms of the contracts. Defendants failed to perform its obligations pursuant to the terms of the contracts.

43.    Defendants' practice of failing to fully, properly and timely reimburse Plaintiff for prescription medications as set out heretofore constitutes a breach of contract for which Plaintiff has been damaged.

44.    Moreover, Defendants' practice of failing to properly reimburse Plaintiff based upon current or correct AWP prices for prescription medications as set out heretofore constitutes a breach of contract for which Plaintiff has been damaged.

45.    Defendants' breach of contract caused Plaintiff to lose money.  Plaintiff has suffered severe damages as a direct and proximate result of Defendants' breach as alleged herein. Plaintiff is entitled to compensatory damages in an amount equal to the contract amount minus the amount reimbursed by Defendants, plus interest.

<u>COUNT II</u>

**FRAUDULENT MISREPRESENTATION/CONCEALMENT**

46.    Plaintiff adopts, re-alleges and incorporates each and every allegation above, as though fully set forth herein.

47.    At all times material hereto, Defendants were under a duty to not misrepresent, conceal, suppress or omit material facts regarding the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts.  This includes, but is not limited to, the AWP reimbursement program.  Defendants knowingly, intentionally, willfully, recklessly and/or negligently concealed, suppressed and/or omitted the material fact that it would <u>not</u> fully, properly and timely reimburse Plaintiff for any prescription that Plaintiff filled in accordance with the terms of their contractual agreement.

11

48.     The concealment, suppression and/or omission of these material facts was intended to induce a false belief that Defendants would reimburse Plaintiff according to the terms of the contract and Plaintiff and the putative class relied on Defendants concealment, suppression and/or omission in entering into the contracts.  Plaintiff and the putative class would have acted differently but for the concealment, suppression and omission of the material facts as alleged herein.

49.     Specifically, Defendants misrepresented to and/or concealed, suppressed and/or omitted from Plaintiff the following information:

      a.    that Defendants would not fully, timely and properly reimburse Plaintiff;

      b.    that Defendants would not reimburse Plaintiff and putative class members according to the Average Wholesale Price (concealment, suppression and/or omission);

      c.    that Defendants would reimburse Plaintiff and putative class members according to the Average Wholesale Price (misrepresentation);

      d.    by suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;

      e.    by failing to disclose that Defendants either did not have access to or would not reimburse Plaintiff and putative class members based upon the current or correct Average Wholesale Price;

      f.    by failing to disclose the method upon which Defendants would determine the Average Wholesale Price of a brand name prescription medication;

g.    by failing to send Plaintiff and other pharmacies enough information to make an informed decision regarding Defendants' AWP reimbursement program; and/or

h.    by charging Plaintiff an unconscionable fee and engaging in unconscionable practices.

50.    By knowingly, intentionally, willfully, recklessly or negligently misrepresenting, concealing, suppressing and/or omitting the nature of its prescription medication reimbursement program, Defendants have taken advantage of Plaintiff, who based upon such misrepresentations, concealments, suppressions and/or omissions, was misled into entering into the contracts and has suffered damages as a result.   Moreover, by knowingly, intentionally, willfully, recklessly or negligently misrepresenting, concealing, suppressing and/or omitting the nature of its formula for determining AWP for reimbursement purposes, Defendants have taken advantage of Plaintiff, who based upon such misrepresentations, concealments, suppressions and/or omissions, was misled into entering into the contract and has suffered damages as a proximate result.

51.    Defendants misrepresented, concealed, suppressed and/or omitted this information, with the intent and ultimate result that Plaintiff and other pharmacies would accept reimbursement without question or negotiation.   At the time Defendants misrepresented, concealed, suppressed and/or omitted this information from Plaintiff, Defendants knew or should have known that it was under a duty to communicate the true nature of its prescription medication reimbursement program.

52.    By misrepresenting, concealing, suppressing and/or omitting the nature of their AWP reimbursement program and not disclosing material information concerning such program, Defendants have taken advantage of Plaintiff, who based upon such omissions, was misled into

13

accepting less than full reimbursement.  Defendants further suppressed the fact that it would not honor the terms of the parties' contractual agreement concerning timely and proper reimbursement and that they would not fully reimburse Plaintiff for AWP on prescription medications.  Such nondisclosure constitutes a misrepresentation, concealment, suppression and/or omission that Defendants knew or should have known and had a duty to communicate.

53.    Plaintiff and members of the putative class have suffered severe damages as a direct and proximate result of Defendants' misrepresentations, concealments, suppressions and/or omissions of material facts as alleged herein.

54.    Defendants' misrepresentations, concealments, suppressions and/or omissions of material facts have damaged Plaintiff for which Plaintiff seeks restitution of the contract amount minus the amount reimbursed by Defendants, plus interest, as well as all other damages resulting from such misrepresentations and suppressions.

## COUNT III

**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2 and the ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT 815 ILCS 510/2 AND THE SIMILAR OR IDENTICAL STATE STATUTES OF THE VARIOUS STATES**

55.    Plaintiff adopts, re-alleges and incorporates each and every allegation above, as though fully set forth herein.

56.    At all relevant times herein, there were in full force and effect in the State of Illinois statutes commonly known as the *Illinois Uniform Deceptive Trade Practices Act* 815 ILCS 510/2 and the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2.  The Illinois Uniform Deceptive Trade Practices Act provides in pertinent part as follows:

> *Unfair methods of competition and unfair deceptive acts or practices, including but not limited to the use or employment of any deception, fraud,*

> *false pretense, false promise, misrepresentation, or the concealment, suppression or omission of any material fact with the intent that others rely upon the concealment, suppression or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful where any person has in fact been misled, deceived or damaged thereby. In construing this section, consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to section 5(a) of the Federal Trade Commission Act.*

57.    The Illinois Consumer Fraud and Deceptive Business Practices Act further provides, in 815 ILCS 505/10(a), as follows:

> *Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper...*

58.    Plaintiff and each member of the putative class is a consumer within the meaning of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1(e) and/or the similar state law consumer protection acts of their resident state.

59.    At all relevant times Defendants were engaged in a "trade" or "commerce" within the meaning of the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act.*

60.    Other various states have identical or substantially similar state law statutes prohibiting misrepresentation, concealment, suppression and/or omission of material facts.

61.    By means of the actions alleged above, Defendants have misrepresented, concealed, suppressed and/or omitted material facts with the intent that others rely thereon in the conduct of trade or commerce.

62.    The conduct of Defendants as alleged herein constitutes the use or employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment,

15

suppression or omission within the meaning of the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act* 815 ILCS 510/2, and the applicable similar state law consumer protection statutes of the various states.

63.    The conduct of Defendants as alleged herein constitutes the use or employment of deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression or omission of a material fact with the intent that Plaintiff and all members of the class rely upon the concealment, suppression and/or omission of such material fact as to constitute a violation of the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act* 815 ILCS 510/2, and the applicable similar state law consumer protection statutes of the various states.

64.    Defendants knew, or should have known, that its actions violated the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act,* 815 ILCS 510/2.

65.    Defendants have knowingly, intentionally, willfully and deliberately misrepresented, concealed, suppressed and/or omitted material facts with the intent that Plaintiff and the class rely on the misrepresentations, concealments, suppressions and/or omissions.

66.    Defendants' misrepresentations, concealments, suppressions and/or omissions were relied upon by Plaintiff and the putative class members, who were deceived thereby.

67.    Defendants' illegal actions, as alleged herein, constitute unfair methods of competition under the laws and the common law of Illinois, and other similar state laws and common law.

68.    Plaintiff and each member of the putative Class have suffered actual economic damages, injuries, and other related damages as a direct and proximate result of the aforesaid violations.

69.    Defendants' actions have caused, and will continue to cause, substantial and irreparable harm, damage, and injury to Plaintiff, the class, and the public.

70.    Unless Defendants are enjoined from continuing their illegal actions, Defendants will continue to misrepresent, conceal, suppress and/or omit material facts, as alleged above, thus tending to render judgment in the instant action ineffectual.

71.    Plaintiff and the class have no adequate remedy at law because Defendants will continue to misrepresent, conceal, suppress and/or omit material facts, as alleged above, thus engendering a multiplicity of judicial proceedings.

72.    Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief and equitable relief.

73.    Plaintiff and each member of the class have suffered severe damage as a direct and proximate result of Defendants' violations of the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act* 815 ILCS 510/2, and the applicable similar state law consumer protection statutes of the various states.

## COUNT IV

### UNJUST ENRICHMENT

74.    Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

75.    This Count is brought in the alternative to any contract and statutory claims.

17

76. By the unlawful scheme alleged herein, Defendants unjustly derived a benefit from Plaintiff and the class in the form of lower reimbursement payments to Plaintiff and the class, the use of Plaintiff's and class members' money in "float" and other economic and related benefits and commercial gain, to which Defendants had no right or entitlement. The benefits to Defendants were conferred as a result of Defendants' deception, misconduct, misrepresentations, concealments, suppressions and/or omissions to Plaintiff and the class as alleged herein.

77. It would be unjust to allow the Defendants to retain the said benefit, thereby enriching them, without compensating Plaintiff and the class.

78. Accordingly, Plaintiff and the class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

i. Acceptance of jurisdiction of this cause;

ii. Certification of this case as a class action pursuant to Rule 23 of Federal Rules of Civil Procedure;

iii. Designation of the Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

iv. Damages sufficient to compensate Plaintiff and the Rule 23 Class for their injuries;

v. A preliminary and permanent injunction against the Defendants and its partners, officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with it, from engaging in any further unlawful practices and policies as set forth herein;

vi. Pre-judgment and post-judgment interest;

vii.    Reasonable attorney's fees and costs of this action;

viii.   Punitive damages and/or treble damages as allowable by law; and

ix.     Any and all other relief that this Honorable Court may deem just and equitable.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: January 24, 2007.                    Respectfully submitted,


                                            _/s/__Peter L. Currie_____
                                            Peter L. Currie, Esq. (#06281711)
                                            THE LAW FIRM OF PETER L. CURRIE, P.C.
                                            536 Wing Lane
                                            Saint Charles, Illinois 60174
                                            Telephone: (630) 862-1130
                                            Facsimile:  (630) 845-8982

                                            *Attorney for Plaintiff*

19

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MILL STREET CLINIC PHARMACY, INC., | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | Case No. 07 C 50249 |
| Plaintiff, | ) | |
| vi. | ) | Judge: Philip G. Reinhard |
| | ) | |
| CAREMARK RX, L.L.C., CAREMARK RX, | ) | JURY TRIAL DEMANDED |
| INC., CAREMARK, INC., CAREMARK, L.L.C., | ) | |
| and CVS CAREMARK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008, I electronically filed the foregoing document with the clerk of court for the U. S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Daniel M. Cordis, Esq. (#6285963)
Frank E. Pasquesi, Esq. (# 6205455)
Robert H. Griffith, Esq. (#6237224)
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL  60610
Tel. No.: (312) 832-4500

                                             /s/ Peter L. Currie