# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| MILL STREET CLINIC PHARMACY, INC., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07 C 50249 |
| CAREMARK RX, L.L.C., CAREMARK RX INC., CAREMARK, INC., CAREMARK, L.L.C., AND CVS CAREMARK CORPORATION, | ) ) ) ) ) | The Honorable Philip C. Reinhard  Magistrate Judge P. Michael Mahoney |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(3) OR, IN THE ALTERNATIVE, TO TRANSFER IN THE INTEREST OF JUSTICE AND MOTION TO DISMISS PURSUANT TO RULES 9(B) AND 12(B)(6) FOR FAILURE TO STATE A CLAIM

Peter L. Currie, Esq. (#06281711)
THE LAW FIRM OF PETER L. CURRIE, P.C.
536 Wing Lane
Saint Charles, Illinois 60174
Telephone: (630) 862-1130
Facsimile: (630) 845-8982

Robert G. Methvin, Jr. (Admitted *Pro Hac Vice*)
James M. Terrell (Admitted *Pro Hac Vice*)
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399

*Attorneys for Mill Street Clinic Pharmacy, Inc.*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................2

I.      Defendants' Motion to Dismiss or Transfer Should Be Denied ........................2

        A.      Venue is Proper in the Western Division ...................................................3

        B.      This Case Should Not Be Transferred Pursuant to 28 U.S.C. § 1404.......4

                1.      Convenience of Parties and Witnesses...............................................5

                2.      Interests of Justice ..........................................................................7

II.     Legal Standard Governing Defendants' Motion to Dismiss...............................7

III.    Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)
        Should Be Denied ....................................................................................9

        A.      Plaintiff States Multiple Claims Against Caremark Rx and CVS.............9

        B.      Plaintiff's Complaint Adequately Establishes That Mill Street
                Satisfied All Conditions Precedent ..........................................................9

        C.      Plaintiff's Fraudulent Misrepresentation/Concealment
                Claim Should Not Be Dismissed ............................................................10

                1.      Plaintiff is Allowed to Plead Alternative Theories of Recovery
                        Under Illinois Law ........................................................................11

                2.      Defendants Improperly Mischaracterize Plaintiffs' Misrepresentation
                        Claim as Promissory Fraud ............................................................11

                3.      Plaintiff Pleads Fraud With Sufficient Particularity ........................12

        D.      Plaintiff Alleges a Valid Claim Under Illinois's Consumer Fraud and
                Deceptive Business Practices Act...........................................................14

                1.      Plaintiff's Consumer Fraud Act Claim Is Not Based Solely
                        on Breach of Contractual Promises...................................................14

                2.      Plaintiff Is a Consumer Under the Act..............................................15

                3.      Plaintiff Adequately Plead a Consumer Nexus................................16

　　　　4.　Plaintiff Plead Its Consumer Fraud Act Claim With
　　　　　　Sufficient Particularity ................................................................17

　　E.　The Illinois Uniform Deceptive Trade Practices Act Applies to
　　　　Plaintiff's Claims ................................................................................17

　　F.　Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed
　　　　Simply Because a Written Contract Exists Between the Parties.............18

　　G.　Plaintiff's Claims Are Not Barred by the Applicable Statutes
　　　　of Limitations ..........................................................................................18

IV.　Leave to Amend ...................................................................................19

CONCLUSION ...............................................................................................20

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Alberding Estate Administration Trust v. Vinoy Park Hotel Co.*,
  2003 WL 22176072 (N.D.Ill. Sept. 15, 2003) ...........................................5

*Alliant Energy Corp. v. Bie*, 277 F.3d 916 (7th Cir. 2002).................................8

*American Roller Co., LLC v. Foster-Adams Leasing, LLP*,
  472 F.Supp.2d 1019 (N.D.Ill. 2007) ...............................................15, 16

*Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*,
  2004 WL 3363844 (N.D.Ill. Dec. 28, 2004) ........................................18

*Asad v. Hartford Life Ins. Co.*, 116 F.Supp.2d 960 (N.D.Ill. 2000) ..................................18

*Austin v. House of Vision, Inc.*, 385 F.2d 171 (7th Cir. 1967)...........................................20

*Barry Aviation, Inc. v. Land O'Lakes Municipal Aviation Comm'n*,
  377 F.3d 682 (7th Cir. 2004) ...........................................................20

*Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955
  167 L.Ed.2d 929 (2007)...............................................................7, 8

*Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223 (7th Cir. 1995) .....................20

*Byczek v. The Boelter Companies, Inc.*, 264 F.Supp.2d 720 (N.D.Ill. 2003) ...............9, 10

*Carbonara v. Olmos*, 1993 WL 473651 (N.D.Ill. Nov. 15, 1993) .................................5, 7

*Capital Funding Hotel Group, Ltd. v. Regis Associates*,
  1992 WL 296376 (N.D.Ill. Oct. 14, 1992)..........................................7

*Commonwealth Ins. Co. v. Stone Container Corp.*,
  2001 WL 477151 (N.D.Ill. May 3, 2001) ..........................................16

*Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870 (N.D.Ill. 1994)...................4

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) .......................................5, 7

*Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603 (7th Cir. 2003) ...................................2

*Countryman v. Stein Roe & Farnham*, 681 F.Supp. 479 (N.D.Ill. 1983) ..........................5

Page

*Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) .............................19

*Hanley v. Omarc Inc.*, 6 F.Supp.2d 770 (N.D.Ill. 1998)......................................................6

*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989)..................5

*Hinsdale Women's Clinic, S.C. v. Women's Health Care,*
      690 F.Supp. 658 (N.D.Ill.1988) ...............................................................13

*In re: National Presto Industries, Inc.*, 347 F.3d 662 (7th Cir. 2003)................................4

*Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001)..................................................................8

*Kennedy v. Miller, Johnson & Kuehn, Inc.*, 940 F.Supp. 207 (N.D.Ill. 1996)

*Leatherman v. Tarrant County*, 507 U.S. 163,
      113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) .................................................5

*Liberty Mut. Ins. Co. v. Decking & Steel, Inc.*, 301 F.Supp.2d 830 (N.D.Ill. 2004) .........18

*McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000) ............................................8

*Polich v. Burlington N., Inc.*, 942 F.2d 1467 (9th Cir. 1991) ...........................................20

*Prince-Servance v. BankUnited, FSB*, 2007 WL 3254432 (N.D.Ill. Nov. 1, 2007)..........13

*Randazzo v. Harris Bank Palatine, N.A.*, 104 F.Supp.2d 949
      (N.D.Ill. 2001)*, aff'd*, 262 F.3d 663........................................................15

*Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987).......................................9

*Rose v. Franchetti*, 713 F.Supp. 1203 (N.D.Ill. 1989)........................................................6

*Seville Indus. Mach. Corp. v. Southmost Machinery Corp.,*
      742 F.2d 786 (3d Cir.1984).....................................................................14

*Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998 (7th Cir. 2004) ......................8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)...........8

*Szumny v. American General Finance*, 246 F.3d 1065 (7th Cir. 2001)...............................8

*Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman*, 747 F.Supp. 457 (N.D.Ill. 1990) ..........7

iv

Page

*Zimmerman v. Waste Ltd., II*, 1997 WL 159188 (N.D.Ill. March 28, 1997) ..................16

**STATE CASES**

*Clay v. Kuhl*, 727 N.E.2d 217 (Ill. 2000) ..........................................................19

*Johnson v. George J. Ball, Inc.*, 617 N.E.2d 1355 (Ill.App. 2d Dist. 1993) ..........10, 11, 14

*Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221 (Ill.App.Ct. 1st Dist. 1998) ..................18

*Skyline Intern. Development v. Citibank, F.S.B.*, 706 N.E.2d 942 (Ill.App. 1 Dist. 1998)15

*Softcheck v. Imesch,* 855 N.E.2d 941 (Ill.App.3d 2006).......................................19

*Wright v. Chicago Title Ins. Co.*, 554 N.E.2d 511 (Ill.App.1st Dist. 1990) .....................12

**FEDERAL STATUTES**

28 U.S.C. § 1332 ................................................................................3

28 U.S.C. § 1391 ................................................................................3

28 U.S.C. § 1404 ................................................................................4

28 U.S.C. § 1406 ............................................................................2, 3, 4

**STATE STATUTES**

735 ILCS 5/13-206 ............................................................................19

815 ILCS 5/13-205 ............................................................................19

815 ILCS 505/1 ................................................................................15

815 ILCS 510/2 ............................................................................16, 17

**RULES**

Fed.R.Civ.P. 8 ..............................................................................7, 11

Fed.R.Civ.P. 9 ..............................................................................9, 12

Fed.R.Civ.P. 45 ................................................................................6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MILL STREET CLINIC PHARMACY, INC.,<br>individually and on behalf of all others<br>similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>)<br>) | Case No. 07 C 50249 |
| CAREMARK RX, L.L.C., CAREMARK RX<br>INC., CAREMARK, INC., CAREMARK,<br>L.L.C., AND CVS CAREMARK<br>CORPORATION, | )<br>)<br>)<br>)<br>) | The Honorable Philip C. Reinhard<br><br>Magistrate Judge P. Michael Mahoney |
| Defendants. | )<br>) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT
TO RULE 12(B)(3) OR, IN THE ALTERNATIVE, TO TRANSFER IN THE
INTEREST OF JUSTICE AND MOTION TO DISMISS PURSUANT TO
RULES 9(B) AND 12(B)(6) FOR FAILURE TO STATE A CLAIM**

COMES NOW the Plaintiff, Mill Street Clinic Pharmacy, Inc. ("Mill Street" or

"Plaintiff") and files its Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(3)

or, in the alternative, to transfer in the interest of justice and motion to dismiss pursuant to Rules

9(b) and 12(b)(6) for failure to state a claim.

## INTRODUCTION

On February 27, 2008, Caremark Rx, LLC, Caremark Rx, Inc., Caremark, LLC and CVS

Caremark Corporation (collectively "Caremark" or "Defendants") filed a motion to dismiss or, in

the alternative to transfer venue.  In their motion, Defendants allege that this action should be

dismissed or transferred to the Eastern Division of the Northern District of Illinois.  Defendants'

1

motion to dismiss or transfer should be denied, because the Western Division is the appropriate venue for this action.

Defendants further contend that Plaintiff's claims for misrepresentation and/or concealment, unjust enrichment and violations of Illinois' Consumer Fraud and Uniform Deceptive Trade Practices Act should be dismissed.  In their motion, Defendants fail to acknowledge that Plaintiff's Amended Complaint ("Complaint") contains detailed factual allegations concerning each of Plaintiff's claims and that Plaintiff specifically plead the misrepresentations alleged to have been made by Defendants.  (Amended and Restated Complaint, ¶ 49).  Plaintiff's detailed factual allegations support each claim asserted by Mill Street, and Defendant's motion should be denied.  In the alternative, if the Court determines that Plaintiff failed to sufficiently plead any of its claims, then Plaintiff respectfully submits that it should be granted leave to amend its Complaint to cure any deficiencies.

## ARGUMENT

## I.    DEFENDANTS' MOTION TO DISMISS OR TRANSFER SHOULD BE DENIED.

Defendants argue that the Court should dismiss this action pursuant to Rule 12(b)(3) or transfer venue to the Eastern Division pursuant to 28 U.S.C. § 1406(a).  Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue.  Under Section 1406(a), "the district court of a district in which is filed a case lying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."  *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608(7th Cir. 2003) (quoting § 1406(a)).  As demonstrated below, there is no evidence that dismissal or transfer is warranted under Rule 12(b)(3) or 28 U.S.C. § 1406, because the Western Division is the proper venue for this action.

A.      **Venue is Proper in the Western Division**

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Western Division of the Northern

District of Illinois.  28 U.S.C. § 1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Jurisdiction in this action is founded only on diversity of citizenship under the recently

enacted Class Action Fairness Act.  28 U.S.C. §1332(d)(2).

28 U.S.C. § 1391(c) provides that "a defendant that is a corporation shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced."  Defendants admit that Caremark, LLC (formerly known as Caremark Inc.) resides

in the Northern District of Illinois.  Defendants do not contest that Caremark Rx and CVS are

subject to personal jurisdiction in the Northern District of Illinois and therefore reside in the

Northern District of Illinois.  *See* 28 U.S.C. § 1391(c).  Accordingly, this action should not be

dismissed, because venue is proper under 28 U.S.C. § 1391(a)(1).

Additionally, venue is proper under 28 U.S.C. § 1391(a)(2), because a "substantial part of

the events or omissions giving rise to the claim occurred" in the Northern District of Illinois.

The test is "not whether a majority of the activities pertaining to the case were performed in a

particular district, but whether a substantial portion of the activities giving rise to the claim

occurred in the particular district." *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 875 (N.D.Ill. 1994). There is a strong presumption in favor of the Plaintiff's choice of forum, and "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re: National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003).

Plaintiff's residence and principal place of business is in the Western Division. *See* Illinois Secretary of State Filing for Mill Street Clinic Pharmacy, Inc.; attached hereto as Exhibit "1". Mill Street was involuntarily dissolved on 1/03/05 for failing to file the requisite paperwork with the Illinois Secretary of State. However, since 2005, Plaintiff has been conducting its limited business, including preparation for this lawsuit and managing its business and records, in Lake Carroll (Carroll County), Illinois. Carroll County is located in the Western Division of Illinois. Additionally, on March 7, 2008, Mill Street was brought back into good standing with the Illinois Secretary of State. *See* Exhibit "1". The Illinois Secretary of State's records demonstrate that Mill Street is an active corporation in good standing with its residence and principal place of business in Carroll County, Illinois. *Id.* Accordingly, this action should not be dismissed under Rule 12(b)(3) or transferred under 28 U.S.C. § 1406.

**B.    This Case Should Not Be Transferred Pursuant to 28 U.S.C. § 1404**

Furthermore, the Court should not transfer this action to the Eastern Division pursuant to 28 U.S.C. § 1404. Under Section 1404, "[a] district court may transfer a civil action for the convenience of the parties and witnesses [and] in the interests of justice. . .to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court has discretion to transfer this case if: (1) venue was proper in the transferor court; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the

parties and the witnesses as well as the interests of justice.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n. 3 (7th Cir. 1986).

As the moving party, Defendants bear the burden of demonstrating that the transferee forum is the more convenient forum.[1]  *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1273 (7th Cir. 1989).  Defendants fail to provide any evidence, much less evidence to satisfy their burden, that the Eastern Division is "clearly more convenient" than the Western Division.  *See Alberding Estate Administration Trust v. Vinoy Park Hotel Co.*, 2003 WL 22176072 at *2 (N.D.Ill. Sept. 15, 2003); *citing Kennedy v. Miller, Johnson & Kuehn, Inc.*, 940 F.Supp. 207, 209 (N.D.Ill. 1996).

### 1.    Convenience of Parties and Witnesses

In determining the convenience to the parties and witnesses, the Court must consider (1) the plaintiff's choice of forum, (2) the "situs" of the events in the controversy, (3) the ease of access to sources of proof in each forum, including the court's power to compel witnesses, and (4) the cost to the parties of litigating in a particular forum.  *See Carbonara v. Olmos*, 1993 WL 473651, at *5 (N.D.Ill. Nov. 15, 1993) (citing *Medi USA L.P. v. Jobst Inst.*, 791 F.Supp. 208, 210 (N.D.Ill. 1992)).

While Plaintiff's choice of forum is given less weight when the events giving rise to the cause of action "did not conclusively arise in the chosen forum," this is not the case in this instance.  *See Countryman v. Stein Roe & Farnham*, 681 F.Supp. 479, 482-83 (N.D.Ill. 1983).  As demonstrated above, some of the events giving rise to this cause of action occurred in this Division.   Plaintiff's allegations demonstrate that this cause of action arose, in part, in the

---

[1] In their Brief, Defendants improperly attempt to shift their burden to Mill Street, however, established precedent is clear that the moving party bears the burden of demonstrating that transfer of venue is warranted.

Western Division. Therefore, Plaintiff's choice of forum should be given appropriate weight, and this factor weighs in favor of Plaintiff.

Additionally, the ease of access to sources of proof, which is "often viewed as the most important factor in the transfer balance," does not weigh in favor of transfer. *See Hanley v. Omarc Inc.*, 6 F.Supp.2d 770, 775 (N.D.Ill. 1998) (quoting *Rose v. Franchetti*, 713 F.Supp. 1203, 1214 (N.D.Ill. 1989)). Defendants fail to offer any evidence regarding which, if any, witnesses are located in the Eastern Division. Defendants' only assertion that witnesses are located in the Eastern Division is the vague and conclusory statement that "Caremark L.L.C.'s documents, employees, witnesses and facilities are all located in the near Chicago suburbs." (Defendants' Brief, p. 8). On the other hand, Plaintiff is located in the Western Division of the Northern District. *See* Exhibit "1". Defendants further admit in their Brief that there is no measurable difference between litigating in the Western Division as opposed to the Eastern Division. (Defendants' Brief, p. 8). Therefore, these factors do not weigh in favor of transfer and should not disturb Plaintiff's choice of forum.

Finally, Defendants did not offer any proof that litigating in the Western Division would be unduly burdensome or that access to sources of proof would be limited. First, it is patently obvious that this Court can compel the attendance of any witnesses located in the Eastern Division to hearings or a trial in the Western Division. *See* Fed.R.Civ.P. 45. Second, it would be more burdensome for the individual Plaintiff to litigate in the Eastern Division than it would be for a large, national corporation like Caremark to litigate in the Western Division. Therefore, Plaintiff's choice of forum should not be disturbed.

### 2.    Interests of Justice

The interests of justice analysis "relates. . .to the efficient functioning of the courts, not to the merits of the underlying dispute." *Coffey*, 796 F.2d at 221.  An "appropriate starting point for this inquiry is the length of time required to dispose of an action." *Carbonara*, 1999 U.S. Dist. LEXIS 16156, at *12.  Defendants offered no evidence that the docket in the Western Division is considerably more congested than the docket in the Eastern Division.  Therefore, this factor cannot weigh in favor of transfer.

Next, the Court may consider the relative familiarity of the courts with the state law supplying the applicable rules of decision.  *Capital Funding Hotel Group, Ltd. v. Regis Associates*, 1992 WL 296376, at *5 (N.D.Ill. Oct. 14, 1992) (citing *Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman*, 747 F.Supp. 457, 462 (N.D.Ill. 1990).  Here, Illinois state law will be relevant to Plaintiff's allegations.  Since the district courts in the Western Division and the Eastern Division are well versed in Illinois law, this factor also cannot weigh in favor of transfer.  Since the convenience of witnesses and the interests of justice do not support transfer, this action should not be transferred to the Eastern Division.

## II.    LEGAL STANDARD GOVERNING DEFENDANTS' MOTION TO DISMISS

Under the Federal Rules of Civil Procedure, a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed.R.Civ.P. 8(a)(2). The complaint must only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).  As long as the factual allegations in the complaint "raise a right to relief above the speculative level," a complaint should not be dismissed under Rule 12(b)(6).

*Twombly*, 127 S.Ct. at 1965. In conducting its analysis, the Court must assume that all well-pleaded allegations in Plaintiff's complaint are true. *See Twombly*, 127 S.Ct. at 1965.

When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001); it does not decide whether the plaintiff has a winning claim. *See McCormick v. City of Chicago*, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing *Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and reversing the Rule 12(b)(6) dismissal of claims based on § 1981 & 1983); *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002)("A complaint need only state the nature of the claim, details can wait for later stages."). Thus, "[a] complaint should not be dismissed for failure to a state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." *Szumny v. American General Finance*, 246 F.3d 1065, 1067 (7th Cir. 2001) (citations and internal quotation marks omitted).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. . .Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." *Id.* "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512. Furthermore, all well-pleaded facts are accepted as true, and all reasonable inferences should be drawn in favor of Plaintiff. *See e.g. Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004).

**III.    DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) SHOULD BE DENIED.**

**A.    Plaintiff states multiple claims against Caremark Rx and CVS**

Plaintiff's Complaint asserts claims against Caremark Rx and CVS.  Defendants assert that Plaintiff's claims against Caremark Rx and CVS should be dismissed, because Plaintiff did not contract with Caremark Rx and/or CVS.  The mere fact that Plaintiff did not contract with Caremark or CVS does not warrant dismissal at this stage of the proceedings.  As detailed in its Complaint, Plaintiff asserts claims against each and every Defendant for misrepresentation and/or concealment, unjust enrichment and violations of Illinois' Consumer Fraud and Uniform Deceptive Trade Practices Act.  (*See* Complaint, Counts II, III and IV).  None of the elements of these claims requires the existence of a written contract between the parties.  Therefore, Defendants' request for dismissal of Caremark Rx and CVS is premature and should be denied.

**B.    Plaintiff's Complaint adequately establishes that Mill Street satisfied all conditions precedent**

In their motion, Defendants erroneously assert that Mill Street cannot state a claim for relief, because it failed to satisfy an alleged condition precedent to filing a lawsuit.  However, Defendants failed to advise the Court that Plaintiff's  Complaint specifically alleges that "Plaintiff fully performed its obligations under the terms of the contracts."  (Complaint, ¶ 42).  This assertion by Plaintiff is sufficient to survive a motion to dismiss.  *See Byczek v. The Boelter Companies, Inc.*, 264 F.Supp.2d 720 (N.D.Ill. 2003)(holding "[w]hile it is true that a party claiming breach of contract must allege that it performed all contractual conditions required of it, *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987), such allegations may be made generally."); *see also* Fed.R.Civ.P. 9(c).  Defendants' assertion that this action

should be dismissed for failure to satisfy an illusory condition precedent is belied by the evidence and by the allegations in Plaintiff's Complaint.

### C.     Plaintiff's fraudulent misrepresentation/concealment claim should not be dismissed

Contrary to Defendant's assertion, claims for both breach of contract and fraud can arise from the facts surrounding the execution of a contract.  In *Johnson v. George J. Ball, Inc.*, 617 N.E.2d 1355 (Ill.App. 2d Dist. 1993), the Illinois Court of Appeals squarely addressed this issue and determined that a plaintiff can maintain both a breach of contract claim and a misrepresentation claim.  Specifically, the Court held:

> Generally, a party may not recover in tort for what is essentially a breach of contract.  However, a well-recognized exception exists where the fraud vitiates the making of the contract itself, in other words, where the plaintiff is fraudulently induced to enter into the contract in the first place.   Plaintiff's complaint may fairly be read as alleging that he would not have entered into the contract with defendant but for the misrepresentations.   There is thus no bar to plaintiff maintaining a separate cause of action based on fraud in the inducement.

*Id.* at 1361; *see also Byczek*, 264 F.Supp.2d 720 (N.D.Ill. 2003)(holding that buyer's fraud claim against seller was not precluded by fact that parties entered into contractual relationship where alleged  misrepresentations were made in order to induce buyer to enter into contract).

Plaintiff's Complaint specifically alleges that Defendants made misrepresentations in order to induce Plaintiff to enter into the contract.  For example, Plaintiff alleges:

> ***The concealment, suppression and/or omission of these material facts was intended to induce a false belief that Defendants would reimburse Plaintiff according to the terms of the contract*** and Plaintiff and the putative class relied on Defendants concealment, suppression and/or omission in entering into the contracts. ***Plaintiff and the putative class would have acted differently but for the concealment, suppression and omission of the material facts as alleged herein***.

*****

> By knowingly, intentionally, willfully, recklessly or negligently misrepresenting, concealing, suppressing and/or omitting the nature of its prescription medication reimbursement program, ***Defendants have taken advantage of Plaintiff, who based***

10

***upon such misrepresentations, concealments, suppressions and/or omissions, was misled into entering into the contracts and has suffered damages as a result***. Moreover, by knowingly, intentionally, willfully, recklessly or negligently misrepresenting, concealing, suppressing and/or omitting the nature of its formula for determining AWP for reimbursement purposes, ***Defendants have taken advantage of Plaintiff, who based upon such misrepresentations, concealments, suppressions and/or omissions, was misled into entering into the contract and has suffered damages as a proximate result***.

(Complaint, ¶¶ 47 & 50)(emphasis added).    Because Plaintiff was fraudulently induced by Defendants' misrepresentations, Plaintiff's misrepresentation/concealment claim should not be dismissed.

### 1.    Plaintiff is Permitted to Plead Alternative Theories of Recovery Under Illinois Law

The Illinois Court of Appeals' decision in *Johnson* is also consistent with Federal procedure.  The Federal Rules of Civil Procedure allow a plaintiff to plead alternative theories of recovery.  *See* Fed.R.Civ.P. 8(d)(2).  Fed.R.Civ.P. 8(d)(2) provides, in pertinent part:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

While Plaintiff may ultimately be required to elect between these two causes of action, these claims should not be dismissed at this early stage of the litigation.

### 2.    Defendants Improperly Mischaracterize Plaintiff's Misrepresentation Claim as Promissory Fraud

In spite of the fact that a claim for promissory fraud is not contained in Plaintiff's Complaint, Defendants nonetheless attempt to couch Plaintiff's claims for misrepresentation and concealment[4] as promissory fraud.  Plaintiff respectfully submits that the Court should deny

---

[4]Contrary to Defendants' assertion, Plaintiff's concealment claim does not fail for lack of a confidential relationship.  *See Wright v. Chicago Title Ins. Co.*, 554 N.E.2d 511, 515 (Ill.App.1st Dist. 1990) ("To state a cause of action for fraud arising from the concealment of an existing material fact, a complaint must allege that the concealment was done with an intent to deceive,

Defendants' request to treat Plaintiff's misrepresentation and concealment claims as a promissory fraud claim.  First, Plaintiffs' Complaint alleges that Defendant intentionally, recklessly and/or negligently misrepresented material facts to Plaintiffs.  (Amended and Restated Complaint, ¶¶ 49-52).  These are claims for misrepresentation and concealment, not promissory fraud.  Plaintiff, as master of its complaint, does not assert a claim for promissory fraud. Therefore, Defendants should not be allowed to twist Plaintiff's misrepresentation and concealment claims into a claim for promissory fraud.

### 3.    Plaintiff pleads fraud with sufficient particularity

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud. . ., the circumstances constituting fraud. . .shall be stated with particularity."  The particularity requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8(a), which provides that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff's Complaint satisfies the pleading requirements of Fed.R.Civ.P. 9(b) and Illinois law.  Specifically, Plaintiff alleges:

> At all times material hereto, Defendants were under a duty to not misrepresent, conceal, suppress or omit material facts regarding the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts. This includes, but is not limited to, the AWP reimbursement program. Defendants knowingly, intentionally, willfully, recklessly and/or negligently concealed, suppressed and/or omitted the material fact that it would not fully, properly and timely reimburse Plaintiff for any prescription that Plaintiff filled in accordance with the terms of their contractual agreement.

---

under circumstances creating a duty to speak.").  Plaintiff adequately plead that "Defendants were under a duty to not misrepresent, conceal, suppress or omit material facts regarding the true nature of their pharmacy benefit reimbursement program. . ." and that "[t]he concealment, suppression and/or omission of these material facts was intended to induce a false belief."  (Complaint, ¶¶ 47-48).

(Complaint, ¶ 47). Moreover, in Paragraph 49 of the Complaint, Plaintiff expressly sets forth

the following misrepresentations made by Defendant:

> Specifically, Defendants misrepresented to and/or concealed, suppressed and/or omitted from Plaintiff the following information:
>
> a.   that Defendants would not fully, timely and properly reimburse Plaintiff;
>
> b.   that Defendants would not reimburse Plaintiff and putative class members according to the Average Wholesale Price (concealment, suppression and/or omission);
>
> c.   that Defendants would reimburse Plaintiff and putative class members according to the Average Wholesale Price (misrepresentation);
>
> d.   by suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;
>
> e.   by failing to disclose that Defendants either did not have access to or would not reimburse Plaintiff and putative class members based upon the current or correct Average Wholesale Price;
>
> f.   by failing to disclose the method upon which Defendants would determine the Average Wholesale Price of a brand name prescription medication;
>
> g.   by failing to send Plaintiff and other pharmacies enough information to make an informed decision regarding Defendants' AWP reimbursement program; and/or
>
> h.   by charging Plaintiff an unconscionable fee and engaging in unconscionable practices.

Contrary to Defendants' assertion, the mere fact that Plaintiff did not detail the time and

place of each misrepresentation does not warrant dismissal. S*ee Prince-Servance v. BankUnited,*

*FSB*, 2007 WL 3254432, at *6 (N.D.Ill. Nov. 1, 2007); *Hinsdale Women's Clinic, S.C. v.*

*Women's Health Care,* 690 F.Supp. 658, 663 (N.D.Ill.1988) ("the alleged fraudulent acts need

not be attributed to certain defendants if the complaint sufficiently describes the acts and

provides defendants with sufficient information to answer the allegations."); s*ee also Seville*

13

*Indus. Mach. Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3d Cir.1984) (holding that, although plaintiff did not list dates, places or times of fraudulent acts, he nonetheless "adequately satisfied the requirements of Rule 9(b) by incorporating into the complaint a list identifying with great specificity the pieces of machinery that were the subject of the alleged fraud.").

Because Plaintiff sufficiently alleges that Defendants misrepresented a material fact (Complaint, ¶¶ 47-51 ), that Defendants made the misrepresentation willfully to deceive, or recklessly without knowledge (Complaint, ¶¶ 50-51), that Plaintiff relied upon the misrepresentation (Complaint, ¶¶ 52-53) and that Plaintiff incurred damages as a proximate consequence of the reliance (Complaint, ¶ 54), Plaintiff respectfully submits that its misrepresentation and concealment claims should not be dismissed.

**D.    Plaintiff alleges a valid claim under Illinois's Consumer Fraud and Deceptive Business Practices Act**

**1.    Plaintiff's Consumer Fraud Act claim is not based solely on breach of contractual promises**

As previously established in Section III(C), *supra*, Plaintiff's Consumer Fraud Act claim is not based solely upon the breach of contractual promises.  Claims for both breach of contract and fraud can arise from the facts surrounding the execution of a contract.  *See Johnson*, 617 N.E.2d 1355.  In this instance, Plaintiff's Consumer Fraud Act claim is predicated on the same misrepresentations and omissions alleged by Plaintiff in its Misrepresentation and Concealment Count.  Plaintiff adequately alleged that Defendants fraudulently induced Plaintiff to contract and that these allegations support both a misrepresentation claim and a Consumer Fraud Act claim.  For the reasons previously established, Plaintiff respectfully submits that its Consumer Fraud Act claim should not be dismissed.

14

### 2.     Plaintiff is a consumer under the Act

Traditionally, Illinois courts liberally construe the Illinois Consumer Fraud and Deceptive Practices Act and give a broad definition to the term "consumer." *Randazzo v. Harris Bank Palatine, N.A.*, 104 F.Supp.2d 949 (N.D.Ill. 2001), *aff'd,* 262 F.3d 663.  As long as the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by fraudulent or deceptive acts in order to bring action under Consumer Fraud and Deceptive Business Practices Act.  *Skyline Intern. Development v. Citibank, F.S.B.*, 706 N.E.2d 942 (Ill.App. 1 Dist. 1998).

Mill Street satisfies the Act's definition of a "consumer."  Under 815 ILCS 505/1(e), "[t]he term 'consumer' means any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary  course of his trade or business but for his use or that of a member of his household."  Under 815 ILCS 505/1(b) "[t]he term 'merchandise' includes any object, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services."

Plaintiff alleges that it was a consumer of the goods, services, commodities or intangibles provided by Defendants.  (Complaint, ¶¶ 2 & 58).  Defendants' goods, services, commodities or intangibles are its large volume of insureds, members or clients for which Plaintiff and the putative class fill prescription medications.  (Complaint ¶ 2).  Plaintiff and members of the putative class are consumers of Defendants' large volume of insureds, members or clients.  A corporation has standing as a consumer under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) when it is a consumer of the other business's product.  *American Roller Co., LLC v. Foster-Adams Leasing, LLP*, 472 F.Supp.2d 1019 (N.D.Ill. 2007).  Accordingly, Plaintiff adequately pleads that it is a consumer under the Consumer Fraud Act.

### 3.    Plaintiff adequately plead a consumer nexus

Defendants next allege that Plaintiff did not adequately plead a consumer nexus, however, this is untrue.  A business plaintiff must allege <u>either</u> that (1) it suffered some harm as a result of conduct that was directed to the market or that otherwise implicates consumer protection concerns; or (2) it was acting as a consumer of the defendant and the fraudulent conduct amounted to more than a mere breach of contract.  *Commonwealth Ins. Co. v. Stone Container Corp.*, 2001 WL 477151 (N.D.Ill. May 3, 2001); citing, *Zimmerman v. Waste Ltd., II*, 1997 WL 159188 (N.D.Ill. March 28, 1997).  Although Plaintiff need only satisfy <u>one</u> of these standards, the allegations of Mill Street's Complaint satisfies both of these standards.

With respect to the first *Commonwealth* standard, Plaintiff specifically alleged that Defendants employed:

> deception, fraud, false pretense, false promise, misrepresentation and the concealment, suppression or omission of a material fact with the intent that ***Plaintiff and all members of the class rely*** upon the concealment, suppression and/or omission of such material fact as to constitute a violation of the *Illinois Consumer Fraud and Deceptive Business Practices Act,* 815 ILCS 505/2 and the *Illinois Uniform Deceptive Trade Practices Act* 815 ILCS 510/2. . .

(Complaint, ¶ 63)(emphasis added).  These assertions sufficiently allege that Defendants' deceptive practices are directed to the market generally and implicate consumer protection concerns.

With respect to the second *Commonwealth* standard, as discussed in Section III(D)(3) *supra*, Plaintiff, and members of the putative class are consumers within the meaning of the Act. Moreover, Defendants' fraudulent conduct amounts to more than a mere breach of contract, as discussed in detail in Sections III(C) and III(D)(1) *supra*.

16

Plaintiff Mill Street alleged facts sufficient to satisfy the 'consumer nexus' requirement of a well plead ICFA claim.

### 4. Plaintiff plead its Consumer Fraud Act claim with sufficient particularity

Finally, Mill Street plead its Consumer Fraud Act claim with sufficient particularity. Specifically, Plaintiff's Consumer Fraud Act claim adopts and incorporates the allegations contained in Plaintiff's Misrepresentation and Concealment Count. (Complaint, ¶¶ 55, 61-63, 67). In its Misrepresentation and Concealment claim, Plaintiff identified at least eight (8) specific misrepresentations or omissions made by Defendants. (Complaint, ¶ 49). These misrepresentations serve as a sufficient basis for Plaintiff's Consumer Fraud Act claim. Therefore, for the reasons set forth in Section III(C)(3) *supra*, Plaintiff respectfully submits that it plead its Consumer Fraud Act claim with sufficient particularity.

### E. The Illinois Uniform Deceptive Trade Practices Act Applies to Plaintiff's Claims

The Illinois Uniform Deceptive Trade Practices Act provides, in pertinent part:

(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

(12) engages in any [] conduct which [] creates a likelihood of confusion or misunderstanding.

815 ILCS 510/2. In its Complaint, Plaintiff asserts that Defendants engaged in numerous misrepresentations and other fraudulent conduct which created a likelihood of confusion or misunderstanding. *See* Section III(C)(3) *supra*. At this preliminary stage, these allegations are sufficient to support a claim for violations of Illinois' Uniform Deceptive Trade Practices Act.

### F. Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed Simply Because A Written Contract Exists Between the Parties

Under Illinois law, an unjust enrichment claim may be predicated on either contract or tort. *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill.App.Ct. 1st Dist. 1998). A plaintiff suing for breach of contract may also bring an unjust enrichment claim predicated on tort. *Id.*; *see also Liberty Mut. Ins. Co. v. Decking & Steel, Inc.*, 301 F.Supp.2d 830, 835 (N.D.Ill. 2004) ("unjust enrichment[ ] may be pursued in the presence of a written contract between the parties"). Applying these rules, a plaintiff may sue for both breach of contract and unjust enrichment when: (1) the unjust enrichment claim is based on tort; or (2) the two claims are pled in the alternative. *See, e.g., Am. Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2004 WL 3363844, at *4 (N.D.Ill. Dec. 28, 2004); *Asad v. Hartford Life Ins. Co.*, 116 F.Supp.2d 960, 964 (N.D.Ill. 2000).

Plaintiff's Complaint expressly pleads unjust enrichment "in the alternative to any contract and statutory claims." (Complaint, ¶ 75). Moreover, Plaintiff's unjust enrichment claim is predicated on tort. For example, Plaintiff's Complaint alleges that "[t]he benefits to Defendants were conferred as a result of Defendants' deception, misconduct, misrepresentations, concealments, suppressions and/or omissions to Plaintiff and the class as alleged herein." (Complaint, ¶ 76). These allegations sound in tort and not in contract. Therefore, Plaintiff's unjust enrichment claim should not be dismissed.

### G.    Plaintiff's Claims Are Not Barred by the Applicable Statutes of Limitation

There is no evidence that Plaintiff's claims are barred by the applicable statutes of limitation. Defendants admit that Illinois applies a ten (10) year statute of limitation to breach of contract claims. 735 ILCS 5/13-206. Plaintiff filed this case in December, 2007 which would allow recovery for breach of contract dating back to December, 1997. Accordingly, this claim is not time barred.

Defendants also admit that misrepresentation, concealment and unjust enrichment claims are governed by a five (5) year statute of limitations. 735 ILCS 5/13-205. There is no evidence before the Court that Plaintiff knew or should have known that the misrepresentation, concealment or unjust enrichment claims arose prior to December, 2002, therefore, these claims are not time barred.[2]

Finally, Defendants recognize that the Consumer Fraud Act has a three (3) year statute of limitation. 815 ILCS 5/13-205. Again, there is no evidence before the Court that Plaintiff knew or should have known that it possessed a Consumer Fraud Act claim prior to December, 2004. Therefore, Defendant's motion should not be granted on these grounds.

## IV.    LEAVE TO AMEND

Even if the Court agrees with the arguments advanced by Defendants, Mill Street's claims should not be dismissed, as motions for leave to amend should be "freely granted" under these circumstances. Fed.R.Civ.P. 15(a). "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Leave should be freely given "when such permission is sought after the dismissal of the first complaint." *Barry Aviation, Inc. v. Land O'Lakes Municipal Aviation Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). "Unless it is certain from the face of the complaint that any amendment

---

[2]The issue of when a plaintiff knew or should have known of the cause of action is generally a question of fact. *Clay v. Kuhl*, 727 N.E.2d 217 (Ill. 2000); *Softcheck v. Imesch*, 855 N.E.2d 941 (Ill.App.3d 2006).

would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.*; *see also Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 230 (7th Cir. 1995) (reversing the denial of leave to amend because the record was not clear that the plaintiff could state no set of facts upon which relief can be granted); *Austin v. House of Vision, Inc.*, 385 F.2d 171, 172 (7th Cir. 1967) (per curiam) (reversing the denial of leave to file a second amended complaint and noting that whether a cause of action will state a claim cannot be determined until the amended complaint is filed and tested); *see also Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Therefore, if the Court grants any portion of Defendants' motion to dismiss, Plaintiff respectfully requests leave to amend to correct any pleading deficiencies.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Pursuant to Rule 12(b)(3) or, in the Alternative, to Transfer in the Interest of Justice and Motion to Dismiss pursuant to Rules 9(b) and 12(b)(6) for Failure to State a Claim.


Dated:  <u>April 4, 2008.</u>            Respectfully submitted,


                                    /s/ Peter L. Currie
                                    Peter L. Currie, Esq. (#06281711)
                                    THE LAW FIRM OF PETER L. CURRIE, P.C.
                                    536 Wing Lane
                                    Saint Charles, Illinois 60174
                                    Telephone: (630) 862-1130
                                    Facsimile:  (630) 845-8982

                                    *Attorney for Plaintiff*

Robert G. Methvin, Jr. (Admitted *Pro Hac Vice*)
James M. Terrell (Admitted *Pro Hac Vice*)
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone:  (205) 939-0199
Facsimile:  (205) 939-0399

*Of Counsel for Plaintiff*

# EXHIBIT "1"



**SERVICES        PROGRAMS        PRESS        PUBLICATIONS        DEPARTMENTS        CONTACT**

## CORPORATION FILE DETAIL REPORT

| Entity Name | MILL STREET CLINIC PHARMACY, INC. | File Number | 53165281 |
|---|---|---|---|
| Status | REINSTATED/GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 08/02/1983 | State | ILLINOIS |
| Agent Name | ROBERT H SCURR | Agent Change Date | 03/07/2008 |
| Agent Street Address | 21-3 TIMBER SHORE DRIVE | President Name & Address | ROBERT H SCURR 21-3 TIMBER SHORE DR LAKE CARROLL 61046 |
| Agent City | LAKE CARROLL | Secretary Name & Address | ADELBERTO GARZA SAME |
| Agent Zip | 61046 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 03/07/2008 | For Year | 2007 |

**Return to the Search Screen**        | **Purchase Certificate of Good Standing** |

(One Certificate per Transaction)

**BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE**