# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50249 | **DATE** | 6/19/2008 |
| **CASE TITLE** | Mill Street Clinic Pharmacy, Inc., et al. vs. Caremark Rx, L.L.C., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion to dismiss or transfer for improper venue is denied. Defendants' motion to dismiss for failure to state a claim is granted 1) as to the claims against all defendants in Counts II, III, and IV and 2) as to the claims against Caremark L.L.C. and CVS Caremark Corporation in Count I. The dismissals are without prejudice. If plaintiff wishes to reassert any of the dismissed claims, it shall file an amended complaint doing so on or before July 31, 2008.

*Philip G. Reinhard*

■ [ For further details see text below.]          Notices mailed by Judicial staff.

## STATEMENT

    Plaintiff, Mill Street Clinic Pharmacy, Inc. ("Mill Street"), individually and on behalf of all others similarly situated, brings this putative class action against defendants, Caremark Rx, L.L.C., Caremark Rx, Inc., Caremark, Inc., Caremark, L.L.C., and CVS Caremark Corporation. Mill Street is alleged to be a dissolved Illinois corporation, whose principal place of business was in Illinois, and, therefore, Mill Street's citizenship is different from at least one of the defendants (Caremark Rx, Inc. is alleged to be a Delaware corporation with its principal place of business in Tennessee) and the amount in controversy exceeds $5,000,000. Subject matter jurisdiction is proper under the special class action diversity jurisdiction provisions of 28 U.S.C. § 1332 (d) (2) (A). The complaint alleges breach of contract (Count I), fraudulent misrepresentation and concealment (Count II), violation of state consumer and deceptive business practices acts (Count III) and unjust enrichment (Count IV). Defendants move to dismiss for improper venue or alternatively to transfer pursuant to 28 U.S.C. § 1406 (a). They also move to dismiss under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted and to dismiss the consumer fraud claim for failure to plead the claim with particularity as required by Fed. R. Civ. P. 9 (b).

    Defendants argue venue is not proper in this division of the court and seek dismissal or alternatively transfer to the Eastern Division of the Northern District of Illinois. Defendants rely on 28 U.S.C. § 1406 (a) which provides that a court "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." There is no dispute that venue is proper in this district only whether the case is properly brought in this division. But, since the repeal of 28 U.S.C. § 1393 no statute requires divisional venue and the Northern District of Illinois has no local rule requiring divisional venue. See Simes v. Jackson Nat'l Life Ins. Co., No. 05 C 3816, 2005 WL 2371969, *2 (N.D. Ill. Sept. 22, 2005) (Manning, J.). If venue is proper in the district it is proper in either division of the district. See id. Accordingly, defendants' argument that the case must be dismissed or transferred under section 1406 (a) because venue is improper must fail.

    However, as defendant notes, section 1406(a) closely parallels 28 U.S.C. § 1404 (a). See Wild v. Subscription Plus, Inc., 292 F.3d 526, 530 (7th Cir. 2002). Section 1404 (a), which the court may invoke sua sponte, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." Both parties have argued the convenience of the parties and witnesses and interest of justice factors in their briefs. Plaintiff has specifically addressed section 1404 (a). While defendants have not sought transfer under section 1404 (a), under the circumstances presented here, the court will consider sua sponte whether this case should be transferred to the Eastern Division under section 1404 (a).

    The factors to be considered in a section 1404 (a) transfer are whether: 1) venue is proper in the transferor court; 2) venue is proper in the transferee court; and 3) the transfer will serve the convenience of the parties and witnesses and promote the interests

**STATEMENT**

of justice. Simes, 2005 WL 2371969 at *1; Armoloy Corp. v. Industrial Hard chrome Co., No. 02 C 50071, 2002 WL 1284286 (N.D. Ill. June 5, 2002) (Reinhard, J.). As already noted venue is proper in both the Eastern and Western Divisions of the court so only the third factor is in issue. In gauging the convenience of the witnesses and parties the court considers: 1) plaintiff's choice of forum; 2) the site of material events; 3) the availability of evidence in each forum; and 4) the convenience to the parties of litigating in the respective forums. Simes, 2005 WL 2371969 at *2.

"Generally, the plaintiff's choice of forum is given deference, particularly when the plaintiff selects his home forum." Id. This choice is given less weight when the chosen forum lacks a significant connection to the action. Id. Plaintiff, while it was an operating company was located in Naperville, Illinois, in the Eastern Division. Plaintiff was dissolved at the time it filed this action but has apparently been reinstated since the filing with its president, secretary, and registered office represented to be in Lake Carroll, Illinois, in the Western Division. As plaintiff's only connection with the Western Division is its post-operation re-location there, the court does not accord much weight to plaintiff's choice of forum.

There is no indication any material events occurred in the Western Division. Neither plaintiff nor defendant performed any of the actions that form the basis of this suit in the Western Division. The case concerns defendants' alleged failure to timely and completely reimburse plaintiff monies due under their contract for prescriptions plaintiff filled for defendants' insureds. Neither defendants nor plaintiff had any offices or other facilities in the Western Division. Defendant Caremark L.L.C. administered the contract out of its office in Northbrook, Illinois, which is in the Eastern Division. This factor favors transfer.

The availability of evidence factor is neutral as to non-testimonial evidence. Each party has its documentary evidence in its own location. "In this age of faxing, scanning, and overnight courier services, however, the location of documentary evidence is largely irrelevant." Jewel America, Inc. v. Combine Int'l, Inc., No. 07 C 3596, 2007 WL 4300589, * 3 (N.D. Ill. Nov. 30, 2007) (Guzman, J.). As to witnesses, it is sketchy at best where they are located. Defendants represent its main witnesses are in the near Chicago suburbs. The plaintiff's officers are in Lake Carroll. The trip from Lake Carroll to the courthouse in Rockford takes roughly an hour. A trip from many of the "near Chicago suburbs" to Rockford is in the hour to an hour and one half range. Lake Carroll to the courthouse in Chicago is roughly a two and one half hour trip. Based on the limited witness information available this factor tends to favor the Western Division or at least does not clearly favor the Eastern Division.

Plaintiff asserts the Western Division is more convenient for it and defendants assert the Eastern Division is more convenient to them. The court considers the residences of the parties and their ability to bear the expense of litigating in a particular forum. Id. The various defendants are scattered across the country. Plaintiff is currently located in the Western Division. Plaintiff is no longer operating a business. This litigation appears to be its primary if not only asset. To the extent an additional cost burden will be placed on plaintiff if the case is transferred or defendants if it is not, defendants are in a better position to bear these additional costs. This factor favors the Western Division.

Balancing all of the factors, the court concludes transfer is not appropriate in this case. To the extent the Western Division is inconvenient to defendants a transfer would simply shift the inconvenience to plaintiff and transfer is inappropriate under those circumstances. Id.

Defendants also move to dismiss under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim on which relief can be granted. "A plaintiff's complaint need only provide a 'short and plain statement of the claim showing the pleader is entitled to relief,' sufficient to provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, No. 07-2975, 2008 WL 2168638, * 4 (7th Cir. May 27, 2008) (internal citation omitted). The court must "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [plaintiff's] favor." Id. Plaintiff's allegations need only show that it is plausible, rather than merely speculative, that it is entitled to relief. Id. at * 6.

Defendants argue plaintiff has sued two of the defendants, Caremark Rx, L.L.C. and CVS Caremark Corporation solely based on their status as parents of Caremark L.L.C. They argue neither of these defendants is party to a contract with plaintiff and that no basis exists to reach them via piercing the corporate veil. Plaintiff acknowledges in its brief that it did not contract with either of these defendants but asserts it has stated claims against them in Counts II, III, and IV for misrepresentation/concealment, unjust enrichment and violations of the Illinois Consumer Fraud and Uniform Deceptive Trade Practices Act. Based on this concession, Count I is dismissed as to Caremark Rx, L.L.C. and CVS Caremark Corporation.

Defendants contend dismissal is warranted because plaintiff has not alleged it has satisfied a condition precedent to suit. The condition in issue is a requirement to bring any dispute as to payment to defendants' attention within 60 days of receipt of the disputed payment. Fed. R. Civ. P. 9 (c) provides "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Plaintiff alleged it "fully performed its obligations under the terms of the contracts." Compl. ¶ 42. This is adequate. No purpose would be served in ordering plaintiff to file an amended complaint so it could use the words "conditions precedent" in alleging its performance under the contracts.

Defendants argue plaintiff's asserted claim for fraudulent misrepresentation or concealment is actually a claim of promissory fraud which must be dismissed because promissory fraud is not a favored cause of action in Illinois. They maintain the existence of contracts between them and plaintiff means plaintiff's only possible claim is for breach of contract. As such, a fraud claim is precluded. Plaintiff alleges in Count II that defendants induced it to enter contracts based on false representations concerning how defendants would reimburse plaintiff and by failing to disclose certain facts concerning such reimbursements. Plaintiff contends it has properly alleged a claim for fraud in inducing it to enter the contracts and that such a fraud claim is not

**STATEMENT**

precluded by the existence of the contracts.

Under Illinois law, "misrepresentations of intention to perform future conduct, even if made without a present intention to perform, do not generally constitute fraud." HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 682 (Ill. 1989). An exception to this rule exists where "the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud." Id. (internal quotation marks and citations omitted). This exception was recognized in Roda v. Berko, 81 N.E.2d 912 (Ill. 1948), in which the court held plaintiff-seller stated a claim for rescission of a contract for the sale of real estate based on the buyers false representations as to his intended use. Buyer represented he intended to build a factory when he actually intended the property to be used as a junkyard. Seller retained ownership of surrounding property and alleged the value of this property was diminished by the presence of the junkyard. The court stated "where the false promise or representation of intention or of future conduct is the scheme or device to accomplish the fraud and thereby cheat and defraud another of his property, equity will right the wrong by restoring the parties to the positions they occupied before the fraud was committed." Id. at 915. In HPI, the scheme alleged "consisted of repeatedly making false promises of future payment in order to induce HPI to continue provision of pharmaceutical goods and services." HPI, 545 N.E.2d at 683.

Here, plaintiff has failed to plead, with the specificity required by Fed. R. Civ. P. 9 (b), facts that put this fraud claim within the parameters of the exception discussed above. To satisfy Rule 9 (b) a plaintiff must plead the who, what, when, where, and how of the alleged fraud. Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007). Plaintiff's complaint's fraud allegations are not specific. The allegations are generally that defendants concealed that they would not "fully, timely and properly reimburse plaintiff" according to the contract terms, falsely represented the terms they would reimburse plaintiff under, concealed from plaintiff the method of reimbursement they would use, and failed to give plaintiff adequate information to make an informed decision regarding defendants' reimbursement program. The complaint contains no allegations as to who provided the allegedly false information or when or where they provided it. There are no specific allegations that show a "false promise or representation" much less any allegations showing false promises or representations constituting a "scheme or device to accomplish the fraud." See Roda, 81 N.E.2d at 915.

Plaintiff relies on Johnson v. George J. Ball, Inc., 617 N.E.2d 1355 (Ill. App. 1993), for the proposition that while a party generally "may not recover in tort for what is essentially a breach of contract . . . a well-recognized exception exists where the fraud vitiates the making of the contract itself, in other words, where the plaintiff is fraudulently induced to enter the contract in the first place." Id. at 1361. Plaintiff contends it is claiming it was fraudulently induced to enter the contract by defendants' misrepresentations and concealment of facts and, therefore, its claim for fraud survives despite the existence of the contract. However, in Johnson, the court noted the complaint alleged some presently existing facts and further held that other asserted misrepresentations alleged a scheme to defraud thereby falling within the exception to the general prohibition against claims for promissory fraud. Id. at 1362. As noted above, plaintiff's complaint does not allege specific misrepresentations to bring it within the exception nor does it contain specific allegations of "presently existing facts."

Defendants move to dismiss the claims in Count III brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 et seq.) ("ICFA") and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2) ("UDTPA"). Defendants argue an action is not available under ICFA for breach of contract actions, that plaintiff is not a consumer within the coverage of ICFA, that plaintiff pled no consumer nexus, has not pled consumer fraud with particularity, and that UDTPA is inapplicable to the facts of this case. ICFA makes unlawful "[u]fair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, . . . or the use or employment of any practice described in Section 2 of [UDTPA] in the conduct of any trade or commerce." 815 ILCS 505/2. "The terms 'trade' and 'commerce' mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State." 815 ILCS 505/1 (f). ICFA provides "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a (a).

Section 2 of UDTPA (815 ILCS 510/2)[1] provides a list of actions which constitute deceptive trade practices. The list includes such practices as passing off; causing likelihood of confusion or falsely representing source, sponsorship, approval, certification, association, and designations of origin; representing used goods as new; misrepresenting quality of goods or services; falsely disparaging others goods or services; and making false or misleading statements of various kinds in advertising. The last prohibited practice listed, and the one on which plaintiff relies, is "engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2 (12).

Defendants are correct that claims for breach of contract without more are not actionable under ICFA. Avery v. State Farm Mut. Auto. Ins. Co., 835 N.E.2d 801, 844 (Ill. 2005). The allegations of fraud, misrepresentation, and deception in this count are the same as those made in Count II and relate to unfulfilled contractual promises. As discussed above, the pleadings lack the specificity required by Fed. R. Civ. P. 9 (b) to bring the allegations within the exception to the general rule that "misrepresentations of intention to perform future conduct, even if made without a present intention to perform, do not generally constitute fraud." HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 682 (Ill. 1989). Thus, any misrepresentations as to contractual promises must be pursued as a breach of contract claim and not under ICFA. See Avery, 835 N.E.2d at 844.

**STATEMENT**

Additionally, plaintiff is the seller not the buyer under the contracts with defendants. The language in ICFA defining "trade" and "commerce" appears directed at sellers. Plaintiff has not offered any authority suggesting that the Act makes a buyer liable as someone conducting trade or commerce. Plaintiff should take a careful look at this before attempting to re-plead an ICFA claim.

Defendants are also correct that plaintiff has not stated a claim under UDTPA. All of the deceptive trade practices listed in section 2 of UDTPA go to wrongs related to passing off one's goods or services as those of another, trade disparagement or the like. They are practices that would mislead or confuse a consumer such that the party engaging in the deceptive practice would benefit at the expense of a competitor whose products or services were disparaged, misrepresented, or misidentified. Plaintiff's allegations do not go to these types of injury. Plaintiff's claims relate to unfulfilled contractual promises concerning allegedly inadequate payment by defendants for goods supplied by plaintiff. Again, plaintiff has provided no authority which supports a claim under UDTPA on these allegations.

Defendants move to dismiss the Count IV claims for unjust enrichment. Defendants argue an unjust enrichment claim cannot proceed where a specific contract between the parties exists. Hartigan v. E & E Hauling, Inc., 607 N.E.2d 165, 177 (Ill. 1992). Plaintiff responds it has pled unjust enrichment in the alternative to its contract claim and that this is allowable. The first paragraph of Count IV (¶ 74) re-alleges all of the prior allegations in the complaint. Prior allegations (e. g. ¶ 28) allege the existence of contracts between the parties. Alleging the existence of an express contract in a claim for unjust enrichment by incorporation from an express contract count warrants dismissal of the unjust enrichment claim. See Cole-Haddon, Ltd. v. Drew Philips Corp., 454 F. Supp. 2d 772, 777 (N.D. Ill. 2006) (Castillo, J.). Plaintiff may plead unjust enrichment in the alternative but it must not plead facts that defeat its claim when attempting to do so.

Defendants assert the majority of plaintiff's claims are time-barred. However, since it is clear at least some of plaintiff's claims are not time-barred, the statute of limitations is not a basis for dismissal at this time.

For the foregoing reasons, defendants' motion to dismiss or transfer for improper venue is denied. Defendants' motion to dismiss for failure to state a claim is granted 1) as to the claims against all defendants in Counts II, III, and IV and 2) as to the claims against Caremark L.L.C. and CVS Caremark Corporation in Count I. The dismissals are without prejudice. If plaintiff wishes to reassert any of the dismissed claims, it shall file an amended complaint doing so on or before July 31, 2008.

---

1. As noted above the practices listed in 815 ILCS 510/2 are also made unlawful under ICFA. 815 ILCS 505/2.